Good morning. Illinois Appellate Court First District Court is now in session. First Division, the Honorable John Griffin presiding. Case number 1-9-1-1-6-1 Village of Franklin Park versus Christopher Sarto. Welcome everyone. Good to see you all. I'd ask that the attorneys who'll be arguing please state your name and spell your last name. For the Appellate Village of Franklin Park, John B. Murphy, M-U-R-P-H-E-Y. On behalf of the Board of Trustees of the Franklin Park Police Pension Fund, Mark McQuarrie, M-C-Q-U-E-A-R-Y. Thanks a lot. Of course you both get... Oh. On behalf of the defendant, Christopher Sarto, Thomas W. Duda, D-U-D-A, and prior to initiation of this hearing, Mr. McQuarrie and I decided to split our time 50-50, and Mr. McQuarrie will go first. Okay. Now you each get 20 minutes. Each side gets 20 minutes. So Mr. Murphy, do you want to reserve some of yours? Five. Five minutes? Okay, and then Mr. McQuarrie, and you'll each get 10 minutes each. So, all right. All right. Mr. Murphy? May it please the court, in opposing counsel, this is my first Zoom argument, so if I'm not looking directly at the camera, don't hold that against my client. Well, and one more thing, if just we'll hold our hand up if we're trying to get our attention, that helps a little bit. So if you have something to say, I'll try that. Thanks. I'm sorry. My suggestion is that everyone, I've done these before, if everyone who isn't talking mutes their microphone, it makes a clearer presentation. Okay, thanks. Members of the court, if the events of the last few weeks have taught us anything, it reminds us of the incredible pressures and stresses faced by our police officers. I am sure that in future legislative sessions, the topic of the cumulative effects on the mental health of police officers over the years is going to be a topic of significant discussion in future legislative sessions. But for the here and now, the law is clear that in the for a line-of-duty disability pension based on mental disability, it must be proven that the disability is caused entirely by an identifiable act of duty unique to police work. Mr. Murphy, this is Michael Hyman, Justice Hyman. You said it's clear. Well, it's not so clear or else we wouldn't be here, and of course you're the appellant, so I wouldn't say it's clear at all, and that that is one of the questions we have to answer. But it seemed to me if there's anything clear, it's the statute. And the statute doesn't use the word entirely at all. So how do you read in the word entirely into a statute that doesn't have that word, or the code, you know, the pension code? Well, this court has, twice. Well, there have been decisions. You're talking about one with the Miller case? The Miller and the Prosdick case. Well, the Prosdick case is a firehouse case, firefighter, which has nothing to do with this act. That is, DICTA has nothing, whatever, for us to rely on. I don't see why we would. Why would we rely on that case when it's pure DICTA and had nothing to do with the whole, let's start with that case. In my view, because the appellate court in Prosdick took a great deal of time going through the entire line of cases, culminating in the Robbins decision, and holding that we're dealing with two separate statutory structures, the fire structure particularly refers to cumulative effects, and the police statute does not. So, of course, this court is not bound by a decision of a fellow appellate court, but the reasoning of Prosdick and the holding of Miller is persuasive, in my view. Well, the holding of, well, in Prosdick, again, there, I thought the issue there is a little different than the issue here. I mean, the act of duty was one of the issues there, as in Miller, wasn't it? Yes, the issue of active duty was an issue, and you are right, Your Honor, that Prosdick was a firefighter case. Miller was not. Miller was a police case. Right. And Miller uses the identical language that, in the case of a mental disability, as opposed to the aggravation of a pre-existing physical condition, it must be shown that a specific identifiable act was the cause of the disability. The statute does refer to act of duty in the singular. I'm sorry, isn't Miller, though, isn't there a credibility, a major credibility issue and finding in Miller, and do we have any credibility issues in our case here? We have no credibility issues in this case. In fact, the village embraces the factual findings of the pension board in this case, but beyond that, the discussion in Miller focused on distinguishing physical aggravation from In the case of a mental disability, the applicant must present evidence showing a specific identifiable act of employment causing the disability. Not a partial contributor, not a minor cause, and not a cumulative effects case. So you're right, Your Honor, there were credibility issues in the Miller case, but the credibility issues did not go to the statutory interpretation question, which the Miller panel, in our view, decided in a manner consistent with Prostick, and focusing on sole causation. I guess maybe the best way to put it is our interpretation of the police statute is that it requires sole causation. Well, again, the code doesn't say sole, does it? Yes or no? I got chopped off, Your Honor. Oh, excuse me. The code itself doesn't use the word sole, correct? No, it uses the singular and act of duty. An act of duty, but it doesn't use the word sole. You just use the word sole. So that's not in the code, is it? Is that correct? The code is in the singular. That's correct. No, no, that wasn't my question. My question is, does it use the word sole? Yes or no? Next, Dr. Frank in Miller said that he had been able to discharge his duties until he was served with his divorce documents and arrested. That's a lot different situation than we have here, where we have an act of duty involving a train accident. And there's no question in our case, tell me if I'm right, that this was an act of duty, right? You don't dispute that the officer Sardo was involved in an act of duty. I do not dispute that, Your Honor. And as opposed to Miller, who got very upset when his wife gave documents and he got arrested for drunk driving and everything else. I mean, the man had things totally outside the line of duty. And as I read Miller, that's an act of duty case. Was he in the act of duty or not? And it's decided on the basis of that. Why is that not an accurate reading of the credibility determination, but the appellate courts, this court still points to the fact of single cause, a specific identifiable act causing the disability. Now we have a cause. Don't we have that here? Because here we have three doctors, independent physicians, let's say, when he went, well, after he went to that train accident, that's when his PTSD came forth again. The two of the doctors were clear that they viewed this as a cumulative effects case. And that, of course, is the heart of this appeal. And the pension board found that the February train accident was a minor cause of the disability last draw, if you will. Okay, so where in any code or pension code, does it use the word that it has to be, it cannot be a cumulative effect? Where is that state? Well, it's, it's stated in the fire statute, but it's not stated in the police statute. Thank you. So as an art, it's in the fire statute, but it's not a police state. So there's no requirement that it be cumulative in the police state statute. Well, certainly, if the legislature uses a phrase like cumulative effects, in a very similar benefit statute in in one area and not in the other, it certainly supports the interpretation that cumulative effects is not a cause of a line of duty pension in the police setting. Because had the legislature intended that in the context of police, it could have easily so provided in a manner of parallel to what is in the fire statute. So Mr Murphy, I think what I'm going to ask you to do is, I think, I think it's clear, but I'm not sure that we all agree that it's clear. The firefighter statute adds another basis upon which a firefighter will be entitled to those benefits, and that basis is not included in the police statute. Is that what you're referring to? Yes, Your Honor. Could you please go ahead and elaborate more on that? Because I too see that there may be an issue, maybe an issue with the standard that was used by the board. The we've got in the case of fire, as as the court knows from the statute itself, uh, dual eligibility for firefighters to obtain a line of duty pension. One is a disabling injury caused from an an act of duty or the cumulative effects of multiple acts of duty. So if a, if a particular standard is in one statute that's closely parallel to another, and it's not in statute B, then, uh, I believe normal statutory interpretation principles would dictate that the legislature did not intend that what is in one statute explicitly should be read into another statute implicitly by this court. That's a matter for the legislature, not for this court. And actually, the project case interprets is interprets the statute exactly that way. I'll be it. They make it clear that if this were a police case, it would be decided differently. That's correct. Because, of course, project was fire, and they were the appellate court was breaking down the argument that the, uh, the statute in effect that the cumulative effects prong of the statute should be interpreted out. That was the that was the attempt that was being made by that pension board, which the appellate court rejected your honor. Right. And so what happened here then is that the case actually did interpret the statute, and it seems as though the board in this case believe that that statute had never been interpreted as if the board was not even aware of the process case. That's how it appears to I, uh, I don't want to overstep that argument because the board, the pension board's decision came down before prospect. But the pension board adapt in its in its findings as they consider this to be a gray area and and they decided, however, that a minor cause of contributing cause amounted to an entitlement to line of duty. So just a second. So it is clear that they would not have been aware of something that didn't exist. The pension board was not aware of the prospect case because it came down after the pension board's decision. That's correct, Your Honor. I don't want I don't want my I don't want to imply that my colleague on the pension board missed that case. It was didn't exist. Yes, exactly. So they were not aware of it. So but the case has interpreted that statute. So the question is now you're you're in your argument here. You're asking us to just simply reverse outright. But I think what you would really like to see happen is to have the pension board use the correct standard. Is that correct? That that is my fallback. That's my plan. Be prayer. Uh, I had to plan a because the positive case didn't exist at the time the board issued its decision. So you're only argument probably is your plan B with that deep that in terms of, I guess the board having the first opportunity to interpret, interpret this set of facts under an evolved standard of law. I think, Your Honor, I would concede that point. That should go back to the pension board, right? Because we can't. We're not going to go through and decipher through the facts and decide whether or not based on the rec standard, the board has applied the facts properly when we know the board used a different standard. So it wouldn't even be. I don't think it's proper for this court to go through the facts and do what you're asking us to do in the first instance. I think the only thing you could ask us to do is what you're asking us to do in the second instance. Uh, if if I may part company with you a bit on that one. Yes. Uh, as far as I'm concerned, the facts as found by the board are dispositive, and the only issue is the issue of law. Whether the board correctly applied the law to the facts as found. That's a that your honor is a de novo question of law. So I still think that it would be within this court's discretion if it accepted my, uh, my argument as to the statute to conclude that the uh, this this Jenna Mr Sarto is not eligible for a line of duty and remand to the board for purposes of awarding a 50% as opposed to 65%. Please recall your honors that we concede disability. So he's going to obtain a 50% pension at a minimum. Uh, and the issue is whether he'll get a 65% line of duty and the collateral. The important consequences that means for the village in terms of the placebo health insurance obligation. So, Your Honor, that's kind of a long way of saying I believe the court has the discretion to remand with an order to award to affirm the 50 and deny the 65%. And you're making that argument, even though I understand you're saying that the facts are clear. But the way I always see it is that if facts are used and there's a wrong standard, it's got to go back to the board because the board has the expertise. The board makes those decisions, not the appellate court. That's, uh, I mean, I accept that conclusion of your honor, although I, uh, I still think you have the discretion to do what I'm asking. Plan a. Sure. Okay. You can continue. Mr Murphy, I'm a team. Are you saying that, uh, the police board should use a different standard for those who suffer mental disability as opposed to physical disability? 100% Yes. And the basis for that is those two cases is is prosdick and Miller Miller. Basis. That's that's the sole basis of your argument, correct? Well, yes, because while prosdick relies, you know, breaks down the Supreme Court's decision in Robbins. But in terms of what I consider to be crystal clear, it's those two cases. Yes, your honor. I think you're mistaken, Mr Murphy, because you're also arguing that the this is your second time kind of ignoring that argument. The the Oh, no, I'm not. I I I consider that to be the baseline. Your honor of my argument. Let me just ask you the question. And you told Justice Hyman that it was only based on case law as if there were not a distinction in the statutes. And you did that earlier, which is why I asked you to address it again. There's a distinction in the statutes. They read differently. That I agree. They're completely different. I think I was speaking to a slightly different point where it's aggravation of pre existing condition. The Miller case most explicitly holds that, unlike a physical injury case, I'm a police officer. I've got a bad back from high school football and a line of duty aggravates that condition. In the case of physical injuries, that that does not prevent a line of duty. What I was referring to was in the Miller case of paragraph 60, where the where the Miller court holds that the theory of aggravating pre existing physical condition is an app is in opposite or in applicable in matters that concern mental disability. So, your honor, I'm not walking away at all from the two statutory structures. I think without any case law, that's that's where this case should begin and end. But in terms of in response to Justice Simon's comment, that's that's my reference to to the Miller case, distinguishing aggravation of physical versus aggravation of mental. Well, then let me ask you where in 3-11.114.1 of the code, where does it distinguish physical and mental disability? Tell me what words they're distinguished in 3-11.114.1 statute silent on that point. So again, it can't be in the stitch. No, but the to go back to Justice Walker State are, uh, analysis. The difference between cumulative effects and, uh, single incident is in the I certainly understand would argue for a remand to the pension board to apply the standard set forth by the appellate court against these facts. But it's not the same way again. The reason 3-11.114.1 applies here is because we know he was disabled by an act of duty. That's not an issue here. That was an issue in the other two cases, correct? Yes, except that in our case, he was disabled by a multitude of actions and that the February incident was in the pension board's ruling. The straw that broke the camel's back. That's right. That is cumulative effects. And under a physical, you're broke the camel's back. He's a hackney phrase. You would say that if it was physical, there'll be no problem. Is that correct? Well, the case. No, my question is, if it was a physical, then you wouldn't be here on an appeal, would you? Uh, yes, we would because we've got a case that a minor, an incident that the guy had a pre-existing disability. The case, the cases that deal with, uh, physical are the case where the officer blows out his back, but he had a pre-existing back problem. Well, this guy blew out his mind. Okay. Now, you know, you can call it minor, whatever. The fact is that wasn't my question. My question is that when it comes to physical, if the guy has a bad back and it blows out his back, he gets a pension. I'm trying to find out where in this statute, there's anything that you can put your head on that says there's any difference between physical or mental. 3-114.1. I'm looking right at it. I got where I go to. However, the pension board found that this was a very application says he is disabled because of the cumulative effects of police work. Okay. Very application says cumulative effects. Okay. And so that brings us back to the difference between the fire statute and the police statute. To me again, the fire statute is a whole different, uh, structure and there's again, there was an act. Those cases are active duty. Um, so again, without referring to those two cases, you can't tell me anything in the statute that we are dealing with. They would, uh, discuss minor or cumulative. There's nothing there. Well, minor is not referenced, but cumulative is in the my question was very specific. The statute we're dealing with. We're not dealing with a firefighter. The statute we're dealing with does not have the phrase cumulative effects in it. Thank you. And does not have minor cause. It just says it must be caused by an active duty that applies. That implies sole causation. And where do you get that? Yeah. Well, it's singular. And what? And what case you relying on that? It must be a singular, uh, the prospective cases. Okay. Again, you're going back to those two cases and we're going to ignore the dozens and dozens of other cases that have provided, uh, mental and physical, uh, disability benefits to police officers. All right. I understand you're acting. Okay. I think, uh, if you want to reserve any, I think we've gone over. So, um, if it's okay, we'll go to the other, uh, go to the Eppley. Thank you, your honor. Good afternoon, your honors council. Uh, may it please the court. My name is Mark McQuarrie and I represent the board of trustees of the Franklin park police pension fund. The question before this court is whether the pension code demands the pension board discriminate against the police officer with a mental disability under article three of the pension code, which addresses line of duty disability pension benefits. That code does not distinguish between mental and physical disabilities. Let's go to the question that Mr. Murphy very well explained. And he's talking about something completely different where it doesn't say anything about cumulative, does it? The, uh, the code. No, your honor. So, so why, why should it not be a, an active duty? He says a singular and it should only be, it has to be one active duty. Why isn't that correct? Well, first of all, that same language is applied to physical disabilities. And as this court is well aware, uh, an aggravation, uh, some kind of contribution or an example, uh, exacerbation of multiple causes are sufficient to grant a physical line of duty disability. Uh, as your honor points out, there is no distinguishable fact in the code between physical and mental disability. And there's a whole coast of cases that allow for an disability. Uh, somewhere along the line, we, we, we've seen several court decisions that have said that applies only to physical disabilities. It doesn't apply to mental disabilities for police officers. But that language, as you point out, is nowhere in the statute. Uh, one, one of the things I would, I would kind of direct the court's attention to is many of these decisions such as Robbins, uh, is 23 years old. And so our attitudes and our knowledge about, uh, physical or mental disabilities and mental illness have changed. We've learned a lot more about identifying and diagnosing them. Uh, we've also learned much more about the stigma of, uh, of mental illness. So it's your honor's point. There is no distinction in the code. Well, what about the argument, uh, Mr. Murphy, uh, expels us with regard to the word, the fact that the board used the word minor and this is minor. I mean, it doesn't matter how great that last act that breaks the camel's back to use that phrase again. Your honor, I agree with you. There's nothing in the code or any case law that I'm aware of that says it has to be the predominant or it has to be the it simply has to be a cause. And what the board found here is that there was a specific identifiable active duty, namely the 2014 train accident that caused in part, uh, detective Sardo's disability. The board did not make a finding that it was based on the cumulative effects of police work. The was a pre existing condition under that he, that, uh, that had arisen under his military service and that detective start off from the time he was hired in 1996 until the train accident in 2014 was able to work full and unrestricted duty. In fact, your honor, he had a flourishing career. Uh, he was a patrol officer. Let me ask you, let me ask a hypothetical. Uh, the officer gets a bad back while serving in the military. He has a career that we, that you're about to describe, which we are familiar with. Can we read the briefs? And then the train accident, he picks up a body and all of a sudden his back goes out. Now, in the case of my hypothetical, where it's a physical rather than a mental situation and he's, he's lifted bodies and he's done a lot of heavy lifting throughout his career as a police officer. What would Illinois case law say as to whether he would be, uh, able to get a, uh, uh, the pension I think or not? Yes. I think Illinois case law is absolutely clear on this point. Uh, he would be, he or she would be entitled to a line of duty disability based on an aggravation, exacerbation, or some kind of contribution based on an active duty. Uh, it need not be the sole or cause. It just needs to be a cause. And I think that is well settled law. Um, off the top of my head, I can think of, uh, it's discussed in the Brooks case, which is a recent third district appellate case. Uh, it's discussed in the summers case. Uh, I, I believe that is well settled Illinois law. Your honor. Well, you do agree that the statute treats firefighters and police officers differently, correct? Yes, I agree with that. Your honor. Okay. So in the case, the example that justice Hyman gave you, the police officer suffered a disability, a disabling injury, one disabling injury while on duty that caused him to not be able to work anymore. Correct? Yes. Yes. Your honor. Please. I agree with you too, whether it's physical or mental, if it's that injury that that is the disabling injury, he gets 65%. But if he's a firefighter, you can look to multiple injuries. That one injury may not be the sole cause. It may be that he's had several injuries. In the case of a firefighter, you can use the cumulative effect of those injuries. In the case of a police officer, according to the statute, you don't. And in this case, the board used the board said because of the cumulative injuries and what what I think is that this probably needs to go back to the board so that the board can apply the proper standard and they may come back the same way. And at that point, we'll be stuck with their findings. But I do do think they have to use the right standard. Respectfully, your honor, I disagree. I think the board did not make a finding that Detective Soto was disabled as a result of cumulative effects. And if I could draw the court's attention to Miller, Miller was a cumulative effects case. This is a case without getting too deep into the attention to the record. I don't mean to cut you off, but rather than Miller right now, we're talking about the record. So you want to draw my attention to the record, and I can pull the record up while you're talking. Sure. I apologize, Your Honor. If you'll give me one moment, I will, uh, walk our decision in order. Mr Murphy, you can do the same. If you're able to draw my attention to the record, I'd like to get to the record pretty quickly. Sure. Uh, C 41 or a 34. The pension board holds that even though the February 2014 incident is a minor cause of his disability, applicant is entitled to a line of duty disability pension. You see it there? That was C 41 or a 24. I didn't hear the A 34. Same page 34. Okay. And then, Your Honor, the pension board goes on to say that the applicant is entitled to a line of duty disability pension because a specific identifiable active duty unique to police work contributed to his pre existing military related psychiatric disability. So I think what the pension board found here is this. This officer had a pre existing condition. However, there was one active duty, namely that train accident that ultimately caused the disability. It wasn't the sole cause, but it was not a culmination of police activity and police duties. As we've seen in Miller, that that was my reference to Miller. That was a whole host of different calls. He went on here. The board made a specific specific finding that a single active duty, uh, broke this was the straw that broke the Campbell's back. But it did not find that there were cumulative effects of acts of duty. They found a singular one, Your Honor. Uh, in returning, uh, making another point, Mr Murphy said that, uh, explicit statutes that explicitly, uh, contemplate something should not implicitly implicitly be read into other statutes. And I think this is correct. And I'd like to draw the court's attention specifically to Section 5-154, which is the Chicago Police Pension Code. There, the legislature has demonstrated that it knows how to exclude things when it wants to. Uh, there, the legislature did, in fact, just that they carved out both physical and mental disabilities which existed at the time the injury was sustained. So my point of bringing this to the court's there, the legislature intended to carve out pre existing conditions at the time of injury. They never, the legislature never did that in Article three, though they could have. In fact, the legislature has recently amended Article three to include to change the survivor benefits for tier two participants. The legislature never changed the language of Article three, but it showed the it showed the intent of trying to accomplish that goal in Article five. And I think that's an important point for the court to know. Um, also, I think, uh, under plaintiff's argument, taken to its logical conclusion, it produces absurd and unjust results. Uh, if if this court adopts the rule that Mr Murphy proposes, um, it doesn't matter what a police officer does on duty as a police officer. If they are a veteran or a victim of child abuse or a victim of domestic violence, if they come to being a police officer with even one scintilla of a pre existing condition related to mental disability, and they are shot at, stabbed, held a gunpoint, and they suffer a psychological disability. As the result, they would be forever barred because of that one one hundredth of a percent pre existing mental scar from ever receiving a line of duty disability. I think that goes against public policy, and I think it creates an unjust result for police officers. Uh, I think finally, your honors, I think there's a plethora of record evidence that the pension board can point to. When we look at all of the doctor's reports, each doctor's report, including the village's own expert, Dr Goldstein, conclude that there was a single identifiable active duty that caused in part Detective Sardo's disability. Dr Ruff says that Dr Wine says that Dr Frank and the village's own psychologist say that. In fact, I believe she said that may be that may be true, and therefore, when this goes back to the board, their decision may come out exactly the same. But bottom line is the board has to be applying the correct standard, and that's something that we all agree that that's the de novo review. Now, what? Ultimately, their findings on the facts and applying those facts. That's something different, but they've got to be applying the correct standard, and that's where I think we're falling short. And I understand your comments, Your Honor. Obviously, the board would like to have their decision affirmed. But if the court were to remand this case, the board would obviously consider, uh, any and all direction that the appellate court gave us. I think it's also important to note that, um, pleaded for lies heavily on Robins. Nowhere in Robins does it say that an active duty needs to be the soul or the exclusive cause. That's not. That's not an edict from the Illinois Supreme Court case in Robins. It's not Miller. It's not Rindac. I would be remiss if I didn't address prosdick briefly, Your Honor, as was already articulated. It's an Article four firefighter case. We don't believe that that's applicable here to the extent that the court commented on the Article three of the police officer's pension code. We believe that's dicta, and this is not controlling. This court is of equal authority and doesn't have to follow the third district. And with respect to the court's discussion with respect to Article three, saying that the cause must be entirely from an active duty, we assert that that is legally incorrect. There's nothing in the statute that supports that. There's nothing in Robins that supports that, and that is a vast, expansive reading of the statute. Yes, Your Honor. Counsel, I think if you want to retain some time for your co counsel, I think your time's up. Thank you. We would just respectfully ask that you affirm the decision for it. Thank you, judges. Thank you. It pleased the court council. My name is Thomas Duda. I represent the defendant, Christopher Sardo, and I'd like to begin by addressing the question posed by Justice Walker on somewhat explored by Justice Hyman. The statutory differences between the Fire and Police Pension Code do not account for the distinction that the Robins Supreme Court decision made between the burden of proof in a physical versus a mental case. The two statutes differ in only one word, Justice Walker, and you've pointed out the word cumulative. But the word cumulative applies to physical and mental. Cumulative... The word cumulative does not apply to the standard of proof for this mental case. And ironically, the difference in the language between the two codes in physical injuries hasn't stopped the Supreme Court from applying an aggravation of a pre existing condition. And I point the court to the Wade versus North Chicago case, Alm versus Lincolnshire case. The statutory distinction in the language of the statute did not prevent the courts from affirming awards of line of duty disability for physical injuries. But the deletion of the word cumulative in the police code does not explain, does not explain the holding in Robins. And it's my opinion, and when you read the board's decision, Robins was the touchstone that provided the basis of their decision. There is no need to reverse this case. There is no need to remand this case. The pension board got it right. I would start out by saying... Because frequently, this is very unusual that a village would be appealing a favorable decision of a pension board. This court owes a significant degree of deference to the findings and determinations and the construction, the legal construction that went into applying the facts to the law. I believe this is a manifest weight case, but at worst, it's a clearly erroneous case. So the statutory distinction between the elimination of the word cumulative does not explain... Does not explain the difference between mental and physical. And mental and physical hasn't been respected in other appellate decisions of this court, namely the village of Stickney case and the Knight versus Bartlett case. In both of those cases, neither applicant could establish a specific single date, time and place that an act of duty led to their disability. In both of those cases, they were undercover police officers. The testimony was that they had engaged in numerous drug transactions in which their life was in danger. They were beaten, they were threatened, and they were displayed firearms. And in both cases, the appellate... They were entitled to line of duty disability benefits. But this case is much better than those cases. In this case, officer... Detective, rather, Detective Sardo served his country for four years. He did develop a post traumatic stress disorder condition. And after he was released from the Marines, he was hired by the village of Franklin Park, and he served without any blemish for an 18 year period. The most important thing is that two months before the episode of February 6th, 2014, he was evaluated by his supervisor, and in the vast bulk of the categories, he was evaluated. At that time, they found that he exceeded expectations. And so he was functioning at a very, very high level, regardless of what his pre existing condition was. Then the episode of February 6th, 2014 occurs, and at that point in time, he starts out by being admitted to a mental hospital, and the admission note is on page 10 of my brief, patient had a dramatic issue at work. And earlier in this, the intake people indicate that he was highly successful in his job. He, after that, had significant, not inpatient treatment, but significant mental health treatment. It is clear, the manifest weight of the evidence is that the episode of February 6th, 2014, was the cause. That specific act of duty caused his disability. And your honors, the police pension codes focus not on... Isn't it correct that the... I'm sorry, your honor. Isn't it correct that the pension board found that that was a minor incident? In a part of their opinion, they do say that. In other parts, they say it's a straw that broke the camel's back, and then there's... In their conclusion, they say he met his burden of proving. So they're actually referring to the cumulative effect, and that's something that applies in the case of a firefighter. Now, why the different? That's something that we need to decide today as to why they're different, but they're clearly different. And I think that's the argument. But they're different in a way that doesn't... That's not relative to the issue in this case. Well, it's relative to the extent that... There's no way of saying the cumulative effect is applicable to physical, but not mental? Excuse me. It's relative to the extent that in the case of a firefighter, you can have the specific act that... Or you could have the cumulative effect of several acts. In a case of a police officer, the cumulative effect of several acts only get you 50% as opposed to 65%. If you're a firefighter, the cumulative effect of several acts gets you 65%. That's the difference. That's how the statute is read. Now, ultimately, when it's... The board may look at this and say, well, we find that you're still entitled to benefits. Okay, two things here. Number one, I do not believe that the board found that this was a cumulative effects case. The board found that this was a specific act that was the straw that broke the camel's back. I think that is far different than cumulative. There was nothing cumulative because he performed without impediment up until the event. So how could it be cumulative? The fact that he succumbed to the event may be the result of his pre existing condition, but there was no accumulation of his disability. And the relevant word is disability. The event that disabled him was not the accumulation of all these things that happened in his lifetime and before he was hired. He became disabled and his separation from service became necessary because of the event of February 6th, 2014. I believe that fact is inescapable and I would point the court out to Judge Cohen's point that you can affirm the board on any basis in the record. I believe it would be against the manifest weight of the evidence. When you look at the quotations I've cited on pages 12 and 23 of my brief from the medical experts, the medical expert opinion is that the February 6th, 2014 was the episode that disabled him. To reverse that would be against the manifest weight of the evidence. Thank you for your time and attention. I turn the floor over to Mr. Murphy. Thanks very much. Mr. Murphy? Yes. Two quick points. I know I'm out of time, but I'd like a record specific point to respond or to follow up on what Justice Walker was asking and then a larger point with Justice Hyman's hypothetical to opposing counsel. Using this phrase again, maybe the straw that breaks the camel's back in oral argument, but that phrase means cumulative effects. And that is what the board found that his work as a Franklin Park police officer or his disability was largely caused by his service in the Marine Corps and his work as a Franklin Park police officer contributed to or perhaps triggered his PTSD. And that after the train accident, Sardo's PTSD became symptomatic and disabling. So it's a cumulative effects holding. And the board should take a look at the facts in light of the case law and the distinction between the state. Does the board use the word cumulative in its order? They did not. Okay, thank you. Uh, and they used a metaphor. They didn't use the word cumulative. Nope. Nope. They, uh, you're right, Your Honor. But I'd like to follow up on Justice Hyman. The point you made in response to counsel for the board. We're we're six lawyers talking about mental health. Mental health is extraordinarily complicated. And does a municipality face all of these exposures? If a if a work incident contributed 1% 1% to somebody's mental challenges that ultimately ultimately ends up making him no longer able to serve as a police officer can't be that to a point which I know courts, Your Honor's focus with all the time who decides and in my mind, given the background of two statutes that that have one that uses cumulative effects and one that doesn't in my mind, the who decides this issue is mental health issue, uh, belongs in Springfield and not with the courts. And with that, I thank the court for their courtesy. Thanks very much. We appreciate it. You did a great job. All of you very, very good. You'll be hearing from us soon. Thank you.